IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NANCY HOWE,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　Defendant. | Case No. |

## NOTICE OF REMOVAL

　　Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Unum Life Insurance Company of America ("Unum"), hereby files this Notice of Removal of this case from the Androscoggin County Superior Court, Docket No. SC-CV-147, where it is currently pending, to the United States District Court for the District of Maine.  This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq*., thus supplying federal question jurisdiction.

　　Unum respectfully shows the Court as follows:

　　1.　　Plaintiff instituted this civil action in the Androscoggin County Superior Court on or about August 22, 2109.

　　2.　　Unum received the Summons and Complaint via CSC on August 15, 2019.  *A copy is attached hereto as Exhibit 1*.

3. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the initial pleading on which the aforesaid action is based.

4. The United States District Court for the District of Maine is the federal judicial district embracing the Androscoggin County Superior Court, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

## FEDERAL QUESTION

5. Plaintiff's claims concern benefits under a group policy of long-term disability insurance provided by Unum to Plaintiff's employer ("the Group Policy"). *See* Complaint at ¶ 1. The Group Policy is part of an employee welfare benefits plan as defined by ERISA, 29 U.S.C. §1002(1). Indeed, the Complaint states on its face that Plaintiff seeks benefits under an ERISA Plan. *See* Complaint at ¶¶ 6-7. Plaintiff is claiming entitlement to ERISA-regulated benefits. *See id.* ERISA preempts any state law claims alleged by Plaintiff and provides exclusive remedies for resolution of claims by employee benefit plan participants and beneficiaries relating under an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Such claims are removable under 28 U.S.C. § 1441(b) as an action arising under federal law even when, unlike here, the ERISA-related nature of the action does not appear on the face of a complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). This is a well-recognized exception to the well pleaded complaint rule. *See id.*

6. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

7.  Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331, 1441(b), the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties and may be removed to this Court.

## MISCELLANEOUS

8.  A copy of this Notice of Removal is being filed with the Androscoggin County Superior Court as provided by law, and written notice is being sent to Plaintiff's counsel.  *A copy of the cover letter and Notice of Filing Notice of Removal are attached hereto as Exhibit 2*.

9.  The prerequisites for removal under 28 U.S.C. § 1441 have been met.

10. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the District of Maine.

11. If any question arises as to the propriety of the removal of this action, Unum respectfully requests the opportunity to present a brief in support of its position that this cause is removable.

**WHEREFORE,** Unum, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Androscoggin County Superior Court, effects the removal of said civil action to this Honorable Court.

Dated: September 4, 2019						By their attorneys,

<u>/s/ Kyle N. Kirby</u>
Byrne J. Decker, Bar No. 8312
Kyle N. Kirby, Bar No. 4774
OGLETREE, DEAKINS, NASH,
	SMOAK & STEWART, P.C.
Two Monument Square, Suite 703
Portland, ME 04101
Telephone:  207-387-2984
Fax: 207-387-2986
b.decker@ogletree.com
kyle.kirby@ogletree.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served Plaintiff with a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** by depositing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Andrew S. Davis, Esq.
LAMBERT COFFIN
One Canal Plaza, Suite 400
Portland, ME 04101


Dated: September 4, 2019

                                        /s/ Kyle N. Kirby
                                        Kyle N. Kirby