| STATE OF MAINE | SUPERIOR COURT |
| --- | --- |
| ANDROSCOGGIN, SS | CIVIL ACTION |
| | Docket No |

Nancy Howe

    Plaintiff

v.

Unum Life Insurance Company
Of America

    Defendant

Case No.:

**COMPLAINT**

Plaintiff, Nancy Howe, for her Complaint against Defendant Unum Life Insurance Company of America ("Unum"), states as follows:

1. Ms. Howe is an individual who, at times relevant to this Complaint, resided in Lewiston, Maine, and who is or was a participant in group long-term disability benefit plan (the "Plan"), sponsored by her former employer, Tri-County Mental Health Services ("Sponsor").

2. Upon information and belief, the Plan is funded, in part, through a group insurance policy Unum sold to the Sponsor (the "Policy").

3. Unum is a foreign company that provides group insurance coverage to residences of Maine.

4. Unum acts as the administrator and/or fiduciary of the Plan for purposes of benefit determinations made pursuant to the Plan and Policy.

5. Unum, as the administrator and insurer of claims for disability benefits under the Plan, operated with a financial conflict of interest that permeated its decision-making process.

6. Ms. Howe brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), to recover benefits under the Plan and Policy.

7. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over the Defendant pursuant to ERISA 502(e)(2), 29 U.S.C. 1132(e)(2).

## Claim for Relief

8. The Plan provides that Unum will provide long-term disability benefits to participants who are considered disabled.

9. The Plan and Policy, in relevant part, define disability as the inability to perform the material and substantial duties of the insured's occupation.

10. Prior to her total disability, Ms. Howe served as residential service worker, an occupation Unum determined to be a medium level and semi-skilled work:

   a. requiring exerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible amount up to 10 pounds of force constantly to lift, carry, push, pull or otherwise move objects, frequent standing, walking, reaching, handling, occasional stooping, crouching, and fingering, feeling and keyboard use;

   b. requiring making judgments and decisions, dealing with people and performing a variety of duties; and

   c. requiring travel

11. On February 28, 2018, a truck collided with, and injured Ms. Howe and caused her to suffer extensive neck, back, and head injuries (concussion), among other things. She now suffers from post-concussive syndrome (difficulty concentrating, dizziness, memory deficits, etc.), headaches, and pain in her back, shoulders, and back.

2

12. Ms. Howe stopped working on February 28, 2018 and filed a claim for long-term disability ("LTD") benefits on March 15, 2018.

13. Unum denied Ms. Howe on July 30, 2018 Unum stating Ms. Howe's purportedly improved 4-6 weeks following the accident that led to her initial claim such that she could perform her prior medium occupation.

14. Ms. Howe timely appealed that decision, but Unum upheld its decision.

15. Ms. Howe has exhausted her administrative remedies under the Policy and Plan.

16. Ms. Howe remains disabled and unable to perform her prior occupation, or any other occupation, and the medical evidence submitted by Ms. Howe establishes the same.

17. Unum's decision to the contrary is incorrect, arbitrary and capricious.

18. Further, Unum failed to provide a full and fair review and otherwise violated ERISA's claims procedure regulation.

19. As a result of the foregoing, Ms. Howe has suffered a loss in the form of unpaid benefits, among other things.

20. Ms. Howe is entitled to a judgment against Unum in the amount of the unpaid benefits under the Policy including, *inter alia*, long-term disability benefits as well as an order directing Unum to pay Ms. Howe future benefits.

21. Ms. Howe is also entitled to prejudgment interest and an award of attorney's fees under ERISA 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, Nancy Howe, requests the Court grant her the following relief from Defendant:

a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

b.   A judgment ordering Unum to continue to pay Ms. Howe long-term disability benefits for as long as she remains totally disabled under the Plan/Policy;

c.   A judgment ordering Unum to repay Ms. Howe her costs and attorney's fees, under ERISA 502(g); and

d.   All other relief to which she is entitled, including de novo review of the decision to deny the claim.

Dated: August 8, 2019

_____
Andrew S. Davis, Esq.
LAMBERT COFFIN
One Canal Plaza, Suite 400
Portland, Maine 04101
207.370.3010
adavis@lambertcoffin.com